✤ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**21SC-1611-A**
Judge Leslie Abernathy-Maddox
OCT 28, 2021 05:08 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LACINDA RIDDLE<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC. and<br>JOHN DOE<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOWS LACINDA RIDDLE, Plaintiff in the above styled action (hereinafter "Plaintiff"), and files this Complaint for Personal Injuries against the above-named Defendants, (hereinafter "Defendants"), showing the Court the following:

1.

Defendant WALMART INC. d/b/a Walmart ("Walmart") is a foreign Limited Partnership doing business in this state and county and is subject to the jurisdiction and venue of this Court. Walmart may be served through its registered agent, THE CORPORATION COMPANY (FL) at 106 Colony Park Drive Ste. 800-B, Cumming, Georgia, 30040-2794.

2.

Defendant John Doe is an individual whose identity is not presently known to Plaintiff but is believed to be a resident of the State of Georgia. This Defendant will be substituted for a named Defendant once his or her identity is discovered. This Defendant is subject to the jurisdiction and venue of this Court.

3.

On or about February 24, 2021, Plaintiff was a business invitee shopping at Defendant Walmart's Supercenter Store Number 3 located at 30908 Highway 441 S, Commerce, Georgia 30529 (hereinafter "the Premises").

4.

At said place and time, Defendants Walmart and its employee John Doe were responsible for keeping the Premises safe and in good repair for invitees and licensees.

5.

At said place and time, Plaintiff tripped and fell over inconspicuous, unattended boxes that Defendant's negligently left on the floor at the Premises, which caused Plaintiff to incur severe injuries.

6.

These inconspicuous, unattended boxes created a hazardous condition on the Premises.

7.

At said place and time, Defendants owed a duty to Plaintiff to exercise ordinary care to keep the Premises safe, to not injure Plaintiff by maintaining a dangerous condition, and to warn Plaintiff of any hazardous conditions.

8.

Defendants breached this duty of care by, among other things, failing to keep the Premises safe for Plaintiff, failing to warn the Plaintiff of the dangerous condition, and failing to use

reasonable care when leaving the subject boxes unattended, with no warnings, and inconspicuously on the floor at the Premises.

9.

No warnings or hazardous condition warnings were placed in a conspicuous location to warm Plaintiff of the hazard on the premises or the duties being performed on the premises.

10.

Defendants had actual or constructive knowledge of the hazardous condition caused by leaving the subject boxes unattended, with no warnings, inconspicuously on the floor at the Premises.

11.

Said hazardous condition was solely and proximately caused by the negligence of the Defendants who breached their duty of care to Plaintiff by, among other things, failing to maintain the Premises, creating and maintaining a dangerous condition, failing to protect the Plaintiff from hidden perils and failing to warn Plaintiff of the hazardous condition.

12.

At all times mentioned herein, Defendant Walmart either independently or jointly owned, operated, controlled, managed and maintained the Premises.

13.

On February 24, 2021, Defendant John Doe was an employee and/or agent acting within the course and scope of his or her employment at all times for Defendant Walmart. All Defendants

are jointly and severally liable and Defendant Walmart is liable for the actions of Defendant John Doe under theories of Respondeat Superior, vicarious liability, and agency principals.

14.

Because Defendant Walmart had knowledge of, or in the exercise of reasonable care should have had knowledge of, the negligence discussed herein and the dangerous condition(s) created by their actions, Defendant Walmart is liable for the negligent supervision, hiring, training, and retention of their management, agents and employees, to include but not limited to Defendant John Doe.

15.

Defendant Walmart was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

16.

Defendants' negligence in violation of Georgia laws constituted negligence per se and negligence as a matter of law.

17.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries and incurred extensive charges for medical care in excess of $38,109.75 to date, and will incur additional medical and other expenses into the future.

18.

As a further result of said negligence, Plaintiff has suffered great physical and mental pain and suffering, inconvenience, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to judgment against Defendants for a sum to be determined by the jury to constitute full and complete compensation for all of said injuries, past, present, and future.

19.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

20.

The injuries sustained by Plaintiff are the direct and proximate result of the combined negligence on the part of Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

21.

Defendants were negligent for all other acts of negligence as may be shown at trial.

22.

At all times mentioned herein, Plaintiff had no knowledge of the hazardous condition on the Premises and it was not discoverable by her exercise of reasonable care.

23.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing and exercised reasonable care for her own safety.

24.

As a further result of said negligence, Plaintiff has suffered great physical and mental pain and suffering, inconvenience, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to judgment against Defendants for a sum to be determined by the jury to constitute full and complete compensation for all of said injuries, past, present, and future.

25.

But for the negligence of Defendants, Plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience and other injuries as proven at

the trial of this matter, all of which were directly and proximately caused by Defendant's negligence.

26.

Plaintiff is entitled to recover for her injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive, and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive and all other damages permissible under Georgia Law, including, but not limited to:

1) Personal injuries;

2) Past, present and future pain and suffering;

3) Disability;

4) Disfigurement;

5) Mental anguish;

6) Loss of the capacity for the enjoyment of life;

7) Incidental expenses;

8) Past, present and future medical expenses;

9) Lost wages;

10) Diminished capacity to labor;

11) Permanent injuries; and

12) Consequential damages to be proven at trial.

27.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

**WHEREFORE**, Plaintiff prays that she will have a trial on all issues and judgment against Defendants as follows:

a. that service of process issue upon the Defendants as provided by law;

b. that Plaintiff has judgment against Defendants in an amount the jury finds will adequately compensate Plaintiff for his injuries and damages, general, compensatory, consequential and special, which have been sustained;

c. that all costs be taxed against the Defendants;

d. that this Court grant such other and further relief as it deems just and proper;

e. Plaintiff hereby demands a jury trial for all issues so triable.

Respectfully submitted this 28th day of October, 2021.

        **H. GROVES LAW, LLC**

        */s/ J. Harmon Groves*
        J. HARMON GROVES, ESQ.
        Georgia Bar No. 631559
        JOHN G. WINKENWERDER, JR.
        Georgia Bar No. 324946

        *Counsel for Plaintiff*

3005 Peachtree Rd NE
Suite 1202

Atlanta, Georgia 30305
(770) 329-9981
harmon@hgroveslaw.com
john@hgroveslaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

LACINDA RIDDLE,                                    Civil Action File No.
                                                   21SC-1611-A
     Plaintiff,

v.

WALMART, INC., and
JOHN DOE

     Defendants.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART, INC. and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).

Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are

Page -3-

entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the

United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See <u>BMW of North America, Inc. v. Gore</u>, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996); and <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

TWELFTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint, as stated.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint, as stated. Defendant operated the subject store.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's

Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint, including subparagraphs 1), 2), 3), 4), 5), 6), 7), 8), 9), 10), 11), and 12) thereof.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

29.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a., b., c., d. and e., thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT has this day been filed and served upon opposing counsel via Peachcourt E-file.

This the 29th day of November, 2021.

                                                  McLAIN & MERRITT, P.C.

                                                  /s/   Nicholas E. Deeb
                                                  Nicholas E. Deeb
                                                  Georgia Bar No. 117025
                                                  Attorneys for Defendant
                                                  WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com